<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. WILLIAM CARR, **Plaintiff,** v. STATE OF NEW JERSEY, SUPERIOR COURT OF NEW JERSEY, NEW JERSEY JUDICIARY, PETER CONERLY, AND COLLINS E. IJOMA, **Defendants.** | Civil Action No. 09-913 (WJM) <u>**MEMORANDUM OPINION & ORDER**</u> |

<u>**FALK, U.S.M.J.**</u>

**THIS MATTER** is before the Court upon Plaintiff's motion for leave to file a second amended complaint. [CM/ECF No. 47.] Based upon the following, the motion is **denied**.

1. Plaintiff, William Carr, was formerly employed by the Probation Division of the Superior Court of New Jersey. He filed a Complaint on March 2, 2009, against the State of New Jersey, the Superior Court of New Jersey, the New Jersey Judiciary, Essex County Vicinage Chief Probation Officer Peter Conerly, and Essex County Vicinage Trial Court Administrator Collins E. Ijoma (collectively "Defendants"), alleging that he was denied a promotion to Vicinage Chief Probation Officer on account of his race and in retaliation for having filed a previous discrimination lawsuit against the Vicinage in 2000.

2. On June 29, 2009, Defendants responded to the initial complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a cross-motion to amend his Complaint, which was granted on September 14, 2009.  On January 13, 2010, Defendants filed a partial motion to dismiss certain counts in the First Amended Complaint.  The motion to dismiss was granted on June 17, 2010.  The operative complaint remains the First Amended Complaint.

3. The Undersigned issued an initial scheduling order on August 19, 2010.  All discovery was to be completed by March 1, 2011.  Any amendments to the Complaint were due by November 1, 2010.  Thereafter, the scheduling order was amended and discovery extended on two occasions.  Discovery finally closed on June 30, 2011.

4. On January 13, 2012, following close of the discovery period, Defendants filed a motion for summary judgment.  The motion became fully briefed on March 16, 2012.

5. On March 20, 2012, after the motion for summary judgment became fully briefed, Plaintiff filed the present motion for leave to file a second amended complaint.  Plaintiff's request to amend his Complaint seeks to add an entirely new claim of disparate impact discrimination.  More specifically, Plaintiff alleges that Defendants' policy when considering individuals for promotion is to ignore the candidate's prior work history and "base the decision whether to grant an individual a second interview on the interview panel's subjective belief about the performance of the candidate's performance on the first interview."  (Pl.'s Br. 3.)  Plaintiff claims this policy has "a disparate impact."  (Id.)  Plaintiff contends that he learned of the information supporting the claim during depositions and that the amendment should be freely granted.

6. Defendants oppose the motion to amend, arguing that the information that supposedly supports the claim was known prior to the close of discovery nearly eight months ago. They also argue that Plaintiff has delayed in filing his motion, and that any further amendment would be prejudicial and require, among other things, a re-opening of discovery, additional depositions, and further motion practice.

7. Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962). The Court has broad discretion in determining whether to grant or deny leave to amend. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

8. The Court may refuse to allow an amendment of the Complaint if a plaintiff's delay in seeking amendment is undue or if unfair prejudice results to the non-moving party. See, e.g., Foman, 371 U.S. at 182. In terms of delay, while the mere passage of time alone does not require that a motion amend be denied, "at some point the delay will become prejudicial placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 2004). Delay may also become undue "when a movant has had previous opportunities to amend a complaint." Id. (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) and Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644, 654-55 (3d Cir. 1998)). Ultimately, the question of delay requires that the Court "focus on the movant's reasons for not amending sooner." Adams, 739 F.2d at 868.

9. "Substantial or undue prejudice to the non-moving party is [also] a sufficient ground for denial of leave to amend." Lorenz, 1 F.3d at 1414. The issue of prejudice requires that the Court "focus on the hardship to the defendants if the amendments were permitted." Adams, 739 F.2d at 868. Among other things, prejudice may exist when permitting an amendment "would result in additional discovery, cost, and preparation to defendant against new facts or new theories." Id.; see also Rolo, 155 F.3d at 655; Cornell Co., Inc. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823-24 (3d Cir. 1978) (finding prejudice when proposed amendment changed legal and factual basis of claim).

10. Plaintiff's proposed amendment is **denied** on the grounds of both undue delay and unfair prejudice. Turning first to delay, this case has been pending for more than three years. The Scheduling Order deadline for amending pleadings and adding parties was November 1, 2010. Plaintiff claims that the information supporting his newly proffered claim was not uncovered until certain witnesses were deposed in June 2011, thus presumably making amendment prior to the Scheduling Order deadline impossible. (Pl.'s Reply Br. 3.) Defendant counters that the motion to amend could have been made years ago. (Defs.' Br. 6.) However, even assuming Plaintiff is correct and that the information was not uncovered until June 2011, Plaintiff nevertheless completely fails to explain why he delayed from June 2011 (when the information supposedly came to light) until March 2012 (when his motion was filed) before seeking leave to amend his Complaint for a second time. Indeed, Plaintiff's papers are silent on this point. The result in a nearly <u>nine month</u> period of unexplained delay.

11. Moreover, when the information supposedly supporting the new claim came to light in June 2011, discovery was still open. Had Plaintiff raised the issue promptly, the Court could have considered whether it would have been

appropriate to add the claim to the case at that time. Instead, prior to raising the issue of amendment, Plaintiff allowed discovery to close, attended a conference with the Court in July 2011, waited until the summary judgment motion was fully briefed, and let nearly nine months pass by. As explained more in the following two paragraphs, this delay crosses the line from the mere passage of time into legitimate prejudice to Defendants. The Court is satisfied there has been undue delay in seeking leave to amend the complaint.

12. The proposed amendment, at this stage, would also prejudice Defendants. Plaintiff seeks to bring an entirely new claim and theory—an alleged disparate impact claim—that will change the scope of this case. If the amendment were allowed, Defendants would be required to defend against (and take discovery relating to) a disparate impact claim, which differs in type and scope from the claims in this case to date. The Court agrees with Defendants that this will have a legitimate, prejudicial impact on Defendants' preparation and defense. See, e.g., Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121, 2009 WL 2905471, at *17 (D.N.J. Sept. 8, 2009) ("Prejudice may result from an amendment where a party has to change tactics or case theories because of new claims.").

13. In addition, Plaintiff acknowledges his newly proposed claim may require the Court to re-open discovery, which has been closed for many months. (Pl.'s Reply Br. 5.) It would also require the Court to defer ruling on a fully briefed and pending summary judgment motion. The Third Circuit has approved denial of leave to amend where, as here, there has been a delay in seeking leave; the amendment injects new issues into the case; and the amendment requires additional discovery, including the re-opening of a closed discovery period. See, e.g., Bergen v. Edgewater Steel Corp., 911 F.2d 911, 924 (3d Cir. 1990) ("[I]t is plain that allowing the amendment would inject new issues into the case requiring extensive discovery. The motion came not only four

and one-half months after the information on which it was based became available, but also after the close of an extended discovery period."); Clark v. Falls, 890 F.2d 611, 624 (3d Cir. 1989) (affirming denial of motion to amend based on unexplained three month delay and prejudice resulting from new theories and need for additional discovery). This Court finds that it would be prejudicial to Defendants to re-open the long closed discovery period, put aside the fully briefed motion for summary judgment, and force Defendants to only now begin to evaluate a new claim that could have been brought many months ago and which could require additional and different discovery than has been taken in this case to date. See, e.g., Bergen, 911 F.2d at 924; Stallings, 2009 WL 2905471, at *17 ("Prejudice may also result where the amendment will require the re-opening of discovery, would delay resolution of the matter, or would unnecessarily increase the cost of litigation" (citation omitted)).

14. Based on the above, the Court concludes that Plaintiff's motion for leave to file a second amended complaint must be denied on the bases of undue delay and unfair prejudice.

**ACCORDINGLY, IT IS** on this 3rd day of May 2012,

**ORDERED** that, Plaintiff's motion for leave to file a second amended complaint [CM/ECF No. 47] is **DENIED**.

**SO ORDERED**.

                s/Mark Falk
                **MARK FALK**
                **United States Magistrate Judge**